**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | |
|---|---|
| TYRONE FULLER,<br>        Plaintiff,<br><br>v.<br><br>TYRONE BAKER, *et al.*,<br>        Defendants. | Case No. 4:24-cv-04149-JEH |

### Merit Review Order

On August 24, 2024, Plaintiff, proceeding *pro se* and incarcerated at Hill Correctional Center ("Hill"), filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. On January 3, 2025, the Court entered a Merit Review Order allowing Plaintiff to proceed on an Eighth Amendment deliberate indifference claim against Defendant Jane Doe for allegedly denying him his prescribed medication for his mental health conditions on September 6, 2022 and September 10, 2022. (Doc. 6). The Court named Warden Tyrone Baker as a Defendant, in his official capacity, to help Plaintiff identify Defendant Jane Doe. *Id.* The Court directed Plaintiff to file an Amended Complaint identifying Defendant Jane Doe by October 6, 2025. (d/e 9/15/2025). On September 23, 2025, Plaintiff filed a Motion for Leave to File Amended Complaint and a proposed Amended Complaint. (Doc. 26). Defendant Baker did not file a response. Plaintiff's Motion for Leave to File Amended Complaint is granted. *See* Fed. R. Civ. P. 15(a).

### I

This case is now before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action

if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II

Plaintiff files suit against Director of Mental Health Services Melvin Hinton, licensed practical nurse ("LPN") Amaunie Stapleton, registered nurse ("RN") Hannah Ruhl, Director of Nursing Casey Spitzig, Healthcare Unit Administrator ("HCUA") Natilie Boone, and Wexford Health Sources, Inc. ("Wexford"). Plaintiff does not name Tyrone Baker as a Defendant in his Amended Complaint. Therefore, Defendant Baker is dismissed without prejudice.

Plaintiff alleges he was diagnosed with serious mental health disorders, including dysthymic bipolar disorder, severe acute anxiety, acute depression, and insomnia. Plaintiff was prescribed Remeron, a medication for treating depression. Plaintiff alleges lapses or missed doses of Remeron can cause insomnia, dizziness, headaches, and vomiting.

Plaintiff alleges Defendant Stapleton refused to provide his dose of Remeron on September 6, 2022. Plaintiff states he asked Correctional Officer Dickerson to open his cell door so he could walk to the medication pass line to receive his medication, but Dickerson told Plaintiff he was not on his medication line list. Dickerson knew from previous encounters with Plaintiff that he received prescription medication and asked Defendant Stapleton about Plaintiff's medication. Plaintiff asked inmate Calvin Griffin to inform Defendant Stapleton

2

that Plaintiff was waiting for his cell door to open so he could receive his medication. Defendant Stapleton falsely told Griffin and Dickerson that Plaintiff was not prescribed medication. Dickerson asked Defendant Stapleton to check her medication drawer for a "blister pack," but Defendant Stapleton refused. Dickerson then contacted the Healthcare Unit ("HCU") to help Plaintiff acquire his medication. Upon learning that Dickerson contacted the HCU, Defendant Stapleton falsely stated Plaintiff had "refused" his medication.

Plaintiff alleges Defendant Ruhl refused to provide his medication on September 10, 2022. Once again, Plaintiff informed Dickerson that he needed to open his cell door so he could walk to the medication pass line to receive his Remeron. Dickerson informed Plaintiff he was not his medication line list. Dickerson asked Defendant Ruhl about Plaintiff's medication. Defendant Ruhl allegedly refused to check her medication administration record ("MAR") or medication drawer for Plaintiff's name. Dickerson contacted the HCU about acquiring Plaintiff's medication, to no avail.

Plaintiff alleges Defendants Wexford, Hinton, Spitzig, and Boone "established an arbitrary and unconstitutional policy, practice, custom and process which has caused [Plaintiff] and numerous other inmates a denial of their prescribed medication." (Doc. 26 at p. 18). Specifically, Plaintiff alleges if an inmate is not present during medication pass and in line to receive his medication, the nurse is required to indicate on the MAR that the inmate refused his medication. Plaintiff alleges this widespread policy, practice, or custom led to missed doses of medication and caused him to suffer dizziness, headaches, vomiting, loss of sleep, anxiety, and depression. Plaintiff attached multiple affidavits from other inmates who missed dosages of their prescribed medications. *Id.* at pp. 31-49.

Plaintiff alleges Defendants Hinton, Spitzig, and Boone were aware of and condoned this policy, practice, or custom. As Wexford employees, Plaintiff alleges

3

they had the authority to develop, promulgate, and enforce any policy, practice, or custom. Plaintiff alleges Defendant Hinton has authority over the mental health department, Defendant Spitzig "has complete authority over all nurses," and Defendant Boone is responsible for the day-to-day operations of the HCU. *Id.* at pp. 20-21.

### III

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id.* An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

Based on his allegations, the Court finds Plaintiff has stated an Eighth Amendment deliberate indifference claim against (1) Defendant Stapleton for allegedly denying him his dosage of Remeron on September 6, 2022, and (2)

4

Defendant Ruhl for allegedly denying him his dosage of Remeron on September 10, 2022.

Plaintiff's allegations are insufficient to state a deliberate indifference claim against Defendants Hinton, Spitzig, and Boone. Section 1983 does not allow actions against individuals based on their supervisory role of others. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Individual liability under § 1983 can only be based upon a finding that the defendants caused the deprivation alleged. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Defendants Hinton, Spitzig, and Boone are dismissed without prejudice for failure to state claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Plaintiff alleges Defendant Wexford is liable pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Private corporations have potential liability under *Monell* if they perform a governmental function and, in doing so, injure plaintiff through an unconstitutional policy or practice. *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). Since there is no *respondeat superior* liability under § 1983, Wexford cannot be liable for the alleged misdeeds of its employees, as employees are responsible individually. *Lewis v. City of Chi.*, 496 F.3d 645, 656 (7th Cir. 2007). Wexford has potential liability only if it had an unconstitutional policy, practice, or custom which caused the constitutional deprivation. *Salcedo-Vazquez v. Nwaobasi*, No. 13-606, 2015 WL 7177231, at *7 (S.D. Ill. Nov. 16, 2015) (citing *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014), *cert. denied*, 135 S. Ct. 1024 (2015)).

"Liability may be based on (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not

authorized by written law or express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policy making authority." *Taylor v. Wexford Health Sources, Inc.*, No.15-5190, 2016 WL 3227310, at *4 (N.D. Ill. June 13, 2016) (citing *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000)).

Plaintiff does not identify an express policy or the particulars of an express policy. Rather, Plaintiff alleges Wexford has a widespread practice requiring medical staff members to indicate on the MAR that inmates "refused" their prescription medications if they were not present during medication pass line.

"To establish 'custom' for § 1983 purposes, the plaintiff must show 'a widespread practice that, although not authorized by written or express policy, is so permanent and well settled as to constitute a custom.'" *Dolis v. Loftus*, No. 08-2085, 2011 WL 978916, at *13 (C.D. Ill. Mar. 17, 2011). Isolated incidents are insufficient to establish a custom. *See Gaston v. Ghosh*, No. 11-6612, 2017 WL 5891042, at *14 (N.D. Ill. Nov. 28, 2017) (plaintiff's allegations as to his own treatment were insufficient to establish a policy) (citing *Shields*, 746 F.3d at 796) (isolated incidents did not add up to a pattern of behavior that would support an inference of a custom or policy). Here, however, Plaintiff alleges other inmates were also injured by Wexford's widespread practice. Plaintiff attached multiple affidavits to his Amended Complaint from other inmates who were allegedly harmed by Wexford's widespread practice. The Court finds Plaintiff's allegations are sufficient to proceed on a *Monell* claim against Wexford.

**IT IS THEREFORE ORDERED:**

1)    According to the Court's merit review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on the following claims: (1) an Eighth Amendment deliberate indifference claim against Defendant Amaunie Stapleton for allegedly denying Plaintiff his prescribed medication for

his mental health conditions on September 6, 2022; (2) an Eighth Amendment deliberate indifference claim against Defendant Hannah Ruhl for allegedly denying Plaintiff his prescribed medication for his mental health conditions on September 10, 2022; and (3) and a *Monell* claim against Defendant Wexford Health Sources, Inc. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)     Plaintiff's Motion for Leave to File Amended Complaint [26] is GRANTED. The Clerk is directed to file Plaintiff's Amended Complaint (Doc. 26 at pp. 8-49).

3)     The Clerk is directed to ADD Amaunie Stapleton (Licensed Practical Nurse), Hannah Ruhl (Registered Nurse), and Wexford Health Sources, Inc. as Defendants.

4)     Defendants Tyrone Baker, Melvin Hinton, Casey Spitzig, and Natilie Boone are DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Clerk is directed to TERMINATE Tyrone Baker.

5)     This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6)     The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require

7

Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7)    Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

8)    If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9)    This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be

returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10)    Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

11)    Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12)    Plaintiff shall be provided a copy of all pertinent medical records upon request.

13)    Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel.

14)    The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: October 8, 2025

s/Jonathan E. Hawley
U.S. District Judge

9